UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROYSTONE ON QUEEN ANNE LLC, a Washington Limited Liability Company, | CASE NO. 2:24-cv-02130-TL |
| Plaintiff, | ORDER ON MOTION FOR WITHDRAWAL OF REFERENCE |
| v. | |
| CITYMARK CAPITAL LLC, a foreign corporation, | |
| Defendant. | |

This matter comes before the Court on Plaintiff Roystone on Queen Anne LLC's ("Roystone") Motion for Withdrawal of Reference. Dkt. No. 1-1. Having reviewed the Parties' briefing and the relevant record, the Court GRANTS Roystone's Motion, but immediately REFERS this case to the Bankruptcy Court for all pretrial proceedings.

## I.    BACKGROUND

On June 12, 2024, Roystone filed a voluntary petition for Chapter 11 bankruptcy in the United States Bankruptcy Court, Western District of Washington. *In re Roystone on Queen Anne*

1  *LLC*, Case No. BK24-11462, Dkt. No. 1 (Bankr. W.D. Wash. June 12, 2024). On August 28,

2  2024, Roystone filed a civil complaint against Defendant Citymark Capital LLC ("Citymark") in

3  King County Superior Court. Dkt. No. 1-1 at 7; *see* Dkt. No. 1-1 at 20–28 (*Roystone on Queen*

4  *Anne LLC v. Citymark Capital LLC*, No. 24-2-19543-2 (King Cnty. Super. Ct.)). Roystone's

5  state-court complaint comprised five claims: fraud, breach of contract, bad faith, tortious

6  interference, and violation(s) of the Washington Consumer Protection Act. *See* Dkt. No. 1-1 at

7  7–8, 20–28.

8          In big-picture terms, the state case concerns a business relationship gone bad: A

9  financially struggling Roystone negotiated with Citymark over the latter's potential investment

10  in Roystone. *See id.* at 22–23. During the negotiations, Citymark sought confidential financial

11  information about Roystone, which Roystone provided after Citymark executed a nondisclosure

12  agreement. *See id.* But the deal fell through. Several months later, Roystone filed for bankruptcy.

13  *See id.* at 24–25. Later events, including Citymark's purchase at discount of a loan on which

14  Roystone had defaulted, led Roystone to surmise that Citymark had never intended to

15  consummate its investment—*i.e.*, its "rescue" of Roystone—and had instead engaged with

16  Roystone in a bad-faith "scheme" to take advantage of the organization's precarious financial

17  position. *See id.* at 25–27. Roystone sued.

18          On October 4, 2024, Citymark removed the case from King County Superior Court to

19  U.S. Bankruptcy Court, Western District of Washington. *In re Roystone*, No. BK24-11462, Dkt.

20  No. 153 (Bankr. W.D. Wash. Oct. 4, 2024) (Notice of Removal). Citymark predicated removal

21  on both bankruptcy jurisdiction under 28 U.S.C. § 1334 and diversity jurisdiction under 28

22  U.S.C. § 1332. *See id.* at *2–3. Upon removal, the Bankruptcy Court docketed the case as

23  Adversary Proceeding No. BK24-1064. *Roystone on Queen Anne LLC et al. v. Citymark Capital*

24  *LLC*, No. BK24-1064, Dkt. No. 2 (Bankr. W.D. Wash. Oct. 7, 2024). Roystone immediately

moved to remand the case back to state court. *Roystone v. Citymark*, No. BK24-1064, Dkt. No. 3 (Oct. 8, 2024). The Bankruptcy Court denied the motion, holding that, irrespective of its bankruptcy jurisdiction, the case was properly in federal court on the basis of diversity jurisdiction. *Roystone v. Citymark*, No. BK24-1064, Dkt. No. 15 at *1–2 (Nov. 13, 2024).

At this point, things became rather more complicated. On November 20, 2024, Roystone filed the instant Motion for Withdrawal of Reference. *Roystone v. Citymark*, No. BK24-1064, Dkt. No. 16 (Nov. 20, 2024); *see also* Dkt. No. 1. On December 4, 2024, Citymark moved to dismiss Roystone's complaint. *Roystone v. Citymark*, No. BK24-1064, Dkt. No. 19 (Dec. 4, 2024). One week later, on December 11, 2024, Roystone amended its complaint against Citymark. *Roystone v. Citymark*, No. BK24-1064, Dkt. No. 24 (Dec. 11, 2024). One week after that, on December 18, 2024, Roystone submitted to the Bankruptcy Court a motion captioned as a "Motion to Dismiss Federal Action and Order of Transfer to King County Superior Court." *Roystone v. Citymark*, No. BK24-1064, Dkt. No. 28 (Dec. 18, 2024). Roystone, that is, sought to have the Bankruptcy Court transfer the case back to state court pursuant to 28 U.S.C. § 1404(a). However, as the Bankruptcy Court pointed out, a federal court's transfer of a case to a state court is unavailable under Section 1404(a). *Roystone v. Citymark*, No. BK24-1064, Dkt. No. 47 at *3 (Jan. 10, 2025) ("This statute authorizes neither remand nor transfer to a state court."). Five days later, on December 23, 2024, Citymark filed a motion to dismiss Roystone's amended complaint. *Roystone v. Citymark*, No. BK24-1064, Dkt. No. 34 (Dec. 23, 2024). On January 9, 2025, the Bankruptcy Court held a hearing on Roystone's motion. *See Roystone v. Citymark*, No. BK24-1064, Dkt. No. 47 (Jan. 10, 2025).

In considering Roystone's motion, the Bankruptcy Court described a procedural quagmire. Indeed, that court observed, "[t]o say [Roystone] [is] in an awkward position is a massive understatement." *Id.* at 4. The Bankruptcy Court raised several perplexing legal issues

1    that "[t]he legal memoranda filed by the parties d[id] not answer" (and which this Court need not

2    recite here), and the Bankruptcy Court expressed its desire for further briefing. *Id.* at 4–5. The

3    Bankruptcy Court further discussed a Claim Objection "recently filed" by Roystone in

4    Roystone's main bankruptcy case that implicates Citymark and where the facts at issue "bear a

5    strong resemblance to the factual allegations found in the Amended Complaint"—*i.e.*, the state-

6    law dispute between Roystone and Citymark over which *this* Court has been asked to assume

7    jurisdiction, and which Roystone is seeking to litigate in state court. *Id.* at 5. As the Claim

8    Objection is a core matter in Roystone's bankruptcy proceeding, *see* 28 U.S.C. § 157(b)(2), it

9    must necessarily be handled by the Bankruptcy Court. Yet as the Bankruptcy Court pointed out,

10   were the instant dispute between Roystone and Citymark decided elsewhere, there would be "a

11   non-negligible chance two courts could reach two very different factual and legal determinations

12   on what appear to be same facts and issues in both this lawsuit and the Claim Objection." *Id.* at 5.

13       In any event, the Bankruptcy Court opted to continue Roystone's motion and hear out the

14   Parties on the matter; the issue remains unresolved, and the instant case remains in Bankruptcy

15   Court, pending this Court's adjudication of the instant motion and the Bankruptcy Court's

16   adjudication of Roystone's request to have the matter transferred to state court. *Id.* at 6.

17                              **II.    LEGAL STANDARD**

18       In general, district courts have original and exclusive jurisdiction over all bankruptcy

19   cases. 28 U.S.C. § 1334(a). But district courts are authorized to refer jurisdiction over cases

20   arising under the Bankruptcy Code—*i.e.*, Title 11 of the U.S. Code—and all proceedings arising

21   in or related to a case arising under the Bankruptcy Code to the United States Bankruptcy Courts.

22   *Id.* § 157(a). This is standard operating procedure in the Western District of Washington, where

23   "all cases under Title 11, and all proceedings under Title 11 or arising in or related to a case

24   under Title 11" are referred to "bankruptcy judges of this district." LCR 87(a).

With respect to matters referred under Section 157, the extent of the bankruptcy court's jurisdiction depends on whether the proceeding is "core" or "non-core." Section 157(b)(2) lists those proceedings defined as "core proceedings." *See In re Harris*, 590 F.3d 730, 738 (9th Cir. 2009). "Actions that do not depend on bankruptcy laws for their existence and that could proceed in another court are considered 'non-core.'" *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1008 (9th Cir. 1997). In "core proceedings," the bankruptcy court "may enter appropriate orders and judgments," but in "non-core proceedings," the bankruptcy court "shall submit proposed findings of facts and conclusions of law to the district court" for consideration and review. 28 U.S.C. § 157(b)(1), (c)(1). "[B]ankruptcy courts cannot conduct jury trials on noncore matters, where the parties have not consented." *In re Cinematronics, Inc.*, 916 F.2d 1444, 1449 (9th Cir. 1990).

Section 157 also authorizes the withdrawal of a reference of a matter to bankruptcy court, either on permissive or mandatory grounds. 28 U.S.C. § 157(d). The party seeking to withdraw the reference bears the burden of persuasion. *See In re Tamalpais Bancorp*, 451 B.R. 6, 8 (N.D. Cal. 2011). "To determine whether cause for permissive withdrawal exists, a district court 'should first evaluate whether the claim is core or non-core, since it is upon this issue that questions of efficiency and uniformity will turn.'" *In re uCast LLC*, No. C23-1258, 2023 WL 6131084, at *2 (S.D. Cal. Sept. 19, 2023) (quoting *One Longhorn Land I, L.P. v. Presley*, 529 B.R. 755, 762 (C.D. Cal 2015) (quoting *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993)). Courts should also "consider the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." *Sec. Farms*, 124 F.3d at 1008.

"Whether . . . the litigants are afforded the right to a jury trial is another consideration in determining whether the reference should be withdrawn." *Secs. Inv. Prot. Corp. v. Bernard L.*

1   *Madoff Inv. Secs. LLC*, No. C20-4767, 2023 WL 6122905, at *9 (S.D.N.Y. Sept. 18, 2023)

2   (quoting *McHale v. Citibank, N.A.*, No. C09-6064, 2009 WL 2599749, at *4 (S.D.N.Y. Aug. 23,

3   2009)). However, "[a] valid right to a Seventh Amendment jury trial in the district court does not

4   mean the bankruptcy court must instantly give up jurisdiction and that the action must be

5   transferred to the district court." *In re Healthcentral.com*, 504 F.3d 775, 788 (9th Cir. 2007).

6   Rather, "the bankruptcy court may retain jurisdiction over the action for pre-trial matters." *Id.*

7                               **III.    DISCUSSION**

8   **A.    Whether the Proceeding Is Core or Non-core**

9            A non-core proceeding is an "action that do[es] not depend on bankruptcy laws for [its]

10  existence and that could proceed in another court." *Sec. Farms*, 124 F.3d at 1008. Here, the

11  action at issue includes five claims, all of which are brought under Washington state law. *See*

12  Dkt. No. 1-1 at 69–72. The Court finds that none of the causes of action—*i.e.*, fraud, breach of

13  contract, bad faith, violation of the Washington Consumer Protection Act, and tortious

14  interference—depends on the bankruptcy laws. While such causes of action are not *per se* non-

15  core, various courts in this Circuit have generally concluded the same when confronted with

16  similar claims. *See In re Permann*, 174 B.R. 129, 132 n.2 (Bankr. D. Idaho 1994) (finding state-

17  law fraud claim non-core); *In re Gurga*, 176 B.R. 196, 199 (B.A.P. 9th Cir. 1994) ("Breach of

18  contract actions are noncore claims."); *In re World Solar Corp.*, 81 B.R. 603, 607 (Bankr. S.D.

19  Cal. 1988) (finding bad-faith breach-of-contract action non-core); *In re Rtech Fabrications, LLC*,

20  635 B.R. 559, 567 (Bankr. D. Idaho 2021) (finding state consumer protection act claim non-

21  core); *In re Marshall*, 600 F.3d 1037, 1056 (9th Cir. 2010) (finding tortious interference claim

22  non-core). Nothing peculiar to Roystone's complaint against Citymark, including the procedural

23  intricacies described above, *see supra* Section I, points the Court toward a different conclusion as

24

to any of the case's causes of action; simply put, they are not bankruptcy issues. Therefore, the Court finds that the action at issue here is non-core.

**B.    Consideration of Other Factors**

"Once a district court determines whether the claims are core or non-core, the Ninth Circuit instructs district courts to consider 'the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors.'" *Fishing Vessel Owners Marine Ways, Inc. v. United States Small Bus. Admin.*, No. C20-1016, 2020 WL 6490498, at *1 (W.D. Wash. Nov. 4, 2020) (quoting *Sec. Farms*, 124 F.3d at 1008 (citing *In re Orion Pictures Corp.*, 4 F.3d at 1101)).

In this case, consideration of the factors points, as it often does under these circumstances, toward a division of labor between the district court and bankruptcy court. *See, e.g.*, *Brown v. Newman Du Wors LLP*, No. C23-5262, 2023 WL 3791793, at *2 (W.D. Wash. June 2, 2023) (granting motion for withdrawal but referring pre-trial matters to bankruptcy court); *In re Prevo*, No. C21-1701, 2022 WL 815748, at *1–2 (W.D. Wash. Mar. 17, 2022) (same). Here, the complicated procedural posture of the case (as recounted above), combined with Roystone's unorthodox position (something the Bankruptcy Court has already taken strides toward resolving), weighs heavily in favor of having the Bankruptcy Court continue to preside over this case. As to Roystone's refusal to consent to a jury trial conducted by the Bankruptcy Court, *see* Dkt. No. 1-1 at 11, this is not dispositive when deciding on a motion for withdrawal of a reference. *See In re Healthcentral.com*, 504 F.3d at 788. Finally, as discussed above, this action does not raise substantive issues of bankruptcy law.

"Only by allowing the bankruptcy court to retain jurisdiction over the action until *trial is actually ready* do we ensure that our bankruptcy system is carried out. *In re Healthcentral.com*, 504 F.3d at 778 (emphasis in original). Roystone's bankruptcy proceeding has been pending

since October 4, 2024, and the Bankruptcy Court has "gained familiarity with the Debtor's historical operations, assets, [and] liabilities . . . during the course of the bankruptcy proceeding." *In re TOC Holdings Co.*, No. C18-1118, 2019 WL 917416, at *2 (W.D. Wash. Feb. 25, 2019). It is "a more efficient use of judicial resources to leave the matter in bankruptcy court with a judge who is more familiar with the adversary proceeding and the . . . underlying bankruptcy." *Lucore v. Guild Mortg. Co*, No. C12-1411, 2012 WL 2921354, at *4 (S.D. Cal. July 16, 2012). "Judicial economy is promoted by allowing the bankruptcy court to oversee pre-trial matters and determine whether a case actually requires a trial prior to withdrawal." *Id.* (citing *In re Orion Pictures Corp.*, 4 F.3d at 1101–02).

Delaying the effective date of withdrawal will not give rise to any undue costs or delays, even if the Court is ultimately called upon to make a final judgment, "given the efficiencies of having the bankruptcy court deal with the issues in the first instance." *In re Heller Ehrman LLP*, 464 B.R. 348, 360 (N.D. Cal. 2011). Even though this action may not raise substantive issues of bankruptcy law, "a district court may exercise its discretion not to withdraw [a] reference immediately where . . . the bankruptcy court is already familiar with the relevant facts and issues and the issues triable by a jury are not yet ripe for trial." *Hawaiian Airlines, Inc. v. Mesa Air Grp., Inc.*, 355 B.R. 214, 223–24 (D. Haw. 2006) (citing *In re Keene Corp.*, 182 B.R. 379, 385 (S.D.N.Y. 1995)). The factor of forum shopping is not relevant, as only this Court has "the power to enter final judgment" on this proceeding. *See In re Tamalpais Bancorp.*, 451 B.R. at 8. Therefore, while this Court's withdrawal of the reference to bankruptcy court is appropriate, it remains prudent for the bankruptcy court to handle pretrial proceedings. Should the case require a jury trial, then this Court will assume jurisdiction. *See Brown*, 2023 WL 3791793, at *2.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

## IV.    CONCLUSION

For the foregoing reasons, Roystone's Motion to Withdraw the Reference (Dkt. No. 1-1 at 6–13) is GRANTED. The Court also immediately REFERS this case to Chief U.S. Bankruptcy Judge Alston for all pretrial proceedings in accordance with this Order.

Dated this 27th day of January 2025.

Tana Lin
United States District Judge